UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS CASTELLON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MRC GLOBAL US INC.,<br><br>Defendant. | No. 1:19-cv-00918-DAD-JLT<br><br>ORDER REQUIRING PARTIES TO SUBMIT ADDITIONAL EVIDENCE REGARDING AMOUNT IN CONTROVERSY<br><br>(Doc. No. 11) |

This matter came before the court on October 16, 2019 for hearing on plaintiff's motion to remand this class action to Kern County Superior Court, where it was initially filed on April 26, 2019.[1] (Doc. No. 11.) Attorney Tara Zabehi appeared on behalf of plaintiff Louis Castellon and the putative class. Attorney Ryan Crosner appeared on behalf of defendant MRC Global US, Inc.

On July 5, 2019, defendant timely removed this action to this court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Doc. No. 1.) On August 5, 2019, plaintiff filed the pending motion to remand this action to state court, contending that defendant has failed "to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million" as required by the Class Action Fairness Act ("CAFA"). (Doc. No. 11 at 6, 9.)

---

[1] The court apologizes to the parties for its delay in issuing this order.

1

Consistent with the Ninth Circuit's opinion in *Ibarra v. Manheim Invs. Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015), the court will now order the parties to submit additional evidence related to the amount in controversy in this action.

In *Ibarra*, the defendant removed a wage and hour class action to federal court based on CAFA jurisdiction and justified its calculation of the amount in controversy by relying on a declaration from its senior director of employee services. 775 F.3d at 1198. However, the defendant there "relied on an assumption about the rate of its alleged labor law violations that was not grounded in real evidence," and the plaintiff contested that assumption "but did not assert an alternative violation rate grounded in real evidence, such as an affidavit by [plaintiff] asserting how often he was denied meal and rest breaks." *Id*. at 1199. Faced with this record, the Ninth Circuit remanded the case back to the district court "for both sides to submit proof related to the disputed amount in controversy." *Id*.; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (holding that when the defendant's assertion of the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied").

In remanding the matter, the Ninth Circuit gave further guidance that "[u]nder the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Ibarra*, 775 F.3d at 1199. However, the Ninth Circuit has also noted, "[w]here a removing defendant has shown potential recovery '*could* exceed $5 million and the [p]laintiff has neither acknowledged nor sought to establish that the class recovery is potentially any less,' the defendant 'has borne its burden to show the amount in controversy exceeds $5 million.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

Here, defendant has submitted some evidence in the form of two declarations from Cassandra Howell, defendant's Corporate Payroll and STI Plan Manager (Doc. Nos. 4, 18-4) and plaintiff has not submitted any evidence in connection with his motion to remand. The parties should not interpret this order as an indication that defendant's evidentiary showing up to this point is insufficient; the court makes no such determination at this time. Rather, as the court

indicated at the hearing on the pending motion, the court simply finds it prudent and consistent with Ninth Circuit precedent for the parties to submit additional evidence related to the violation rate and the disputed amount in controversy to assist the court in making that determination under the standards set out above.

Accordingly, the parties are ordered to submit any additional evidence they wish to submit regarding the amount in controversy in this action within twenty-one (21) days of the date of this order.

IT IS SO ORDERED.

Dated: **April 2, 2020**

UNITED STATES DISTRICT JUDGE